1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN HARDNEY,                              No.  2:15-cv-1336 KJN P

12                     Petitioner,

13           v.                                  ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    SUPERIOR COURT OF CALIFORNIA,
      COUNTY OF AMADOR,
15
                       Respondent.
16

17          Petitioner is a state prisoner, proceeding without counsel.  On June 23, 2015, petitioner

18    filed a petition for writ of habeas corpus in which he challenges the Amador County Superior

19    Court's denial of petitioner's motion to dismiss in an ongoing criminal prosecution.  (ECF No. 1

20    at 2.)

21          Petitioner seeks leave to proceed in forma pauperis. Examination of the in forma pauperis

22    affidavit reveals that petitioner is unable to afford the costs of suit.  Accordingly, the request for

23    leave to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).  The court must now

24    determine if the action is frivolous or malicious.

25          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

26    custody pursuant to the judgment of a State court only on the ground that he is in custody in

27    violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A

28    district court considering an application for a writ of habeas corpus shall "award the writ or issue

                                                1

1    an order directing the respondent to show cause why the writ should not be granted, unless it

2    appears from the application that the applicant or person detained is not entitled thereto."  28

3    U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are

4    vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v.

5    Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

6         Federal courts cannot interfere with pending state criminal proceedings, absent

7    extraordinary circumstances which create a threat of irreparable injury.  Younger v. Harris, 401

8    U.S. 37, 45-46 (1971).  Irreparable injury does not exist in such situations if the threat to

9    plaintiff's federally protected rights may be eliminated by his defense of the criminal case.

10   Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding]

11   unless it is 'both great and immediate.'"  Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-

12   44 (1926)).

13        "The Younger doctrine was borne of the concern that federal court injunctions might

14   unduly hamper a state in its prosecution of criminal laws."  Miofsky v. Superior Court, 703 F.2d

15   332, 336 (9th Cir. 1983).  In practical terms, the Younger doctrine means that "'only in the most

16   unusual circumstances is a defendant entitled to have federal interposition by way of injunction or

17   habeas corpus until after the jury comes in, judgment has been appealed from and the case

18   concluded in the state courts.'"  Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980) (quoting

19   Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.1972)), cert. denied, 449 U.S. 1014 (1980).

20        Here, petitioner is not challenging his underlying conviction.[1]  Rather, petitioner

21   challenges his arrest and detention in which he was bound over for trial in the Amador County

22   Superior Court, Case No. 14CR22899, as well as the superior court's denial of his motion to

23   dismiss.  The alleged criminal charges are based on petitioner's conduct while housed at Mule

24   Creek State Prison, and the Amador County Superior Court website reflects that petitioner's case

25   is set for preliminary hearing on August 10, 2015.  Petitioner has not yet been convicted.

26   _____

27   [1]  Court records reflect that petitioner was sentenced to life, plus 28 years, 8 months, in state
     prison, following his conviction in Sacramento County Superior Court for violations of kidnapping
     for robbery, sexual battery, rape with force, and vehicle theft.  Hardney v. Carey, No. 2:05-cv-
28   1451 LKK EFB (E.D. Cal.) (ECF No. 16-1 at 2-3).

1    Petitioner alleges no facts demonstrating the extraordinary circumstances required to

2 interfere in pending state criminal proceedings.  See Younger, 401 U.S. at 37 (only in the most

3 unusual of circumstances should a federal court interfere in an ongoing state criminal matter).

4 Therefore, the petition should be dismissed.[2]  A petition for writ of habeas corpus should not be

5 dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded

6 were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir.1971); see also Klamath-Lake

7 Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.1983) (holding that

8 while leave to amend shall be freely given, the court does not have to allow futile amendments).

9 Here, in light of the nature of petitioner's claims in the pending petition for federal habeas relief,

10 it is apparent that granting leave to amend would be futile.

11    In accordance with the above, IT IS HEREBY ORDERED that:

12    1.  Petitioner's motion to proceed in forma pauperis is granted; and

13    2.  The Clerk of the Court is directed to assign a district judge to this case; and

14    IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be

15 dismissed without leave to amend, and this action be closed.

16    These findings and recommendations are submitted to the United States District Judge

17 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18 after being served with these findings and recommendations, petitioner may file written

19 objections with the court and serve a copy on all parties.  Such a document should be captioned

20 "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

21 he shall also address whether a certificate of appealability should issue and, if so, why and as to

22 which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

23 applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

24 § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may

---

25

26

27

28

[2]  Petitioner is presently challenging the underlying prison disciplinary on which the pending criminal charges are based, along with claims for invasion of privacy and Eighth Amendment violations, in Hardney v. Turner, No. 2:14-cv-2962 MCE DAD (E.D. Cal.).  Petitioner also challenged the underlying prison disciplinary in a habeas action which was dismissed for lack of habeas jurisdiction on April 22, 2015.  Hardney v. Virga, No. 2:14-cv-0826 JAM EFB (E.D. Cal.).

1  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

2  1991).

3  Dated:  July 6, 2015

4

5  /hard1336.156

6

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28